UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------------- x
JESSE ANDRE,                                          :
                                                      :         **ORDER TO SHOW**
                                      Petitioner,      :         **CAUSE**
                                                      :
            -against-                                 :         3:24-CV-01295 (VDO)
                                                      :
WARDEN, FCI DANBURY,                                  :
                                      Respondent.      :
-------------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

Before the Court is Petitioner Jesse Andre's motion for relief from judgment under Federal Rule of Civil Procedure 60(b).[1] Before the Court addresses the merits of this motion, Petitioner must show cause why the Court should consider it.

Throughout this litigation, which has been ongoing for nearly a year, the Court has had concerns that the pleadings filed under Petitioner's name were not drafted by Petitioner himself. To begin, the pleadings filed with Petitioner's signature are exceedingly well researched and written; the author has observed formalities that courts typically do not see in pleadings filed by *pro se* litigants (including Petitioner himself). For instance, while this case has been pending, Petitioner has filed *pro se* motions to reduce his sentence in his criminal case in the Southern District of Florida.[2] Both motions to reduce the sentence—filed March 3, 2025, and April 8, 2025, respectively—consist of one handwritten paragraph on lined paper,

---

[1] *See* ECF Nos. 32, 33.
[2] *See United States v. Andre*, No. 1:13-CR-20110 (S.D. Fla. 2013). The Court "may take judicial notice of court records filed in other courts." *Peralta v. City of New York*, No. 24-1356-CV, 2024 WL 4866704, at *2 (2d Cir. Nov. 22, 2024) (summary order).

1

with no citations to authority.[3] In other words, they bear the hallmarks of a *pro se* submission.

The Petitioner's *pro se* filings filed in the Southern District of Florida stand in stark contrast to the submissions filed in this case. The memorandum supporting Petitioner's original habeas petition is a typewritten document twenty-six pages long, written in formal prose, with extensive citations to authority.[4] Petitioner's reply to the Government's response is also a typewritten document—this time, eight pages of formal prose—containing citations to authority and the electronic record.[5] Petitioner's supplemental brief reply to the Court's order to show cause, Rule 59(e) motion, reply to Respondent's response to the Court's second order to show cause, and Rule 60 motions all[6] bear the same hallmarks of counselled pleadings. Notably, these pleadings are readily distinguishable in both form and substance from the numerous letters Petitioner has filed throughout the pendency of the case.[7]

But there are other indications that Petitioner's filings were written by an attorney but submitted under Petitioner's signature. First, Petitioner's *pro se* motion to reduce his sentence filed in March in the Southern District of Florida asks for an "appointed attorney to review [his] case."[8] If Petitioner indeed possessed the skills and knowledge to draft the pleadings he has filed in this case, he would not need an attorney to assist him in the Southern District of Florida.

---

[3] *See Andre*, No. 1:13-CR-20110, ECF Nos. 353, 356.
[4] *See* Pet., ECF No. 1-1.
[5] *See* Reply, ECF No. 10.
[6] ECF Nos. 17, 20, 23, 29, 3233.
[7] *See*, *e.g.*, ECF Nos. 13–15, 19, 22.
[8] *Andre*, No. 1:13-CR-20110, ECF No. 353 (cleaned up).

Second, Plaintiff's memorandum supporting his initial habeas petition is signed with a handwritten signature and dated using a pen.[9] Subsequent pleadings, in contrast, bear an *image* of Plaintiff's signature above his name.[10] Prisoners using a prison computer would not have access to software capable of placing an image of a signature in a submission, nor would Petitioner need to use an image of his signature if he were filing the document by his own hand.

After considering the totality of the pleadings filed in this case and in Petitioner's Southern District of Florida case, the Court strongly suspects that an attorney drafted Petitioner's Rule 60(b) motions (and many of the other pleadings immediately referenced above) under Petitioner's signature.[11] *See, e.g., Knox v. Cnty. of Ulster,* No. 1:11-CV-0112, 2013 WL 286282, at *1 n.1 (N.D.N.Y. Jan. 24, 2013) ("[T]he Court strongly suspects that Plaintiff has also been aided by an attorney in the drafting of his papers opposing the current motion, which are organized, typewritten, and contain citations to dozens of instructive legal authorities in proper BlueBook format.").[12] This gives the Court pause for the following reasons.

Courts in this circuit must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v.*

---

[9] *See* Pet. at 14.

[10] *See, e.g.,* ECF No. 10 at 8; ECF No. 17 at 8; ECF No. 20 at 11; ECF No. 23 at 16; ECF No. 29 at 10; ECF No. 32 at 16; ECF No. 33 at 16.

[11] The Court is not suggesting that an attorney *filed* the documents in question. Rather, because these documents contain an image of Petitioner's signature, the Court suggests that an attorney obtained an image of Petitioner's signature from another document, placed the image on the pleading he or she drafted, and mailed it to Petitioner for him to file from the prison.

[12] Unless otherwise noted, this opinion omits internal quotations, citations, and footnotes from cited authorities, and adopts alterations contained therein.

*Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (quotation omitted). "Courts condemn the practice of ghost[]writing *pro se* pleadings . . . . because ghost[]writing not only 'affords the *pro se* litigant the benefit of a court's liberal construction of pro se pleadings' but it 'also inappropriately shields the ghost[]writing attorney from responsibility and accountability for his actions as counsel.'" *Goktepe v. Lawrence*, No. 3:3-CV-89, 2005 WL 293491, at *1 (D. Conn. Jan. 26, 2005) (quoting *Duran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001)).

Other courts in this circuit have "recognize[d] that, unlike sister circuits that condemn attorney ghostwriting on behalf of *pro se* litigants, the Second Circuit has yet to conclude that ghostwriting is necessarily an ethical violation." *Mejía v. Robinson*, No. 1:16-CV-9706, 2018 WL 3821625, at *3 (S.D.N.Y. Aug. 10, 2018) (citing *In re Fengling Liu*, 664 F.3d 367, 369–72 (2d Cir. 2011) (discussing other circuits' approaches and concluding that, in light of a 2007 ethics opinion issued by the American Bar Association, an attorney's ghostwriting did not violate ethical obligations)). But even if ghostwriting briefs is not an ethical violation, it nevertheless "complicate[s]" "a court's evaluation of a *pro se* litigant's submissions." *Id.*

The *Fengling Liu* court considered two circuit cases highlighting complications that arise from ghostwritten briefs submitted by *pro se* litigants. *See Fengling Liu*, 664 F.3d at 369. In the first, *Duran*, the Tenth Circuit considered whether sanctions should be imposed on an attorney who had ghostwritten a brief that his client had filed *pro se*. *Duran*, 238 F.3d at 1271. The *Duran* court concluded that this "constitutes a misrepresentation to this court by [the] litigant and attorney," *id.* at 1272, because "the attorney's conduct had inappropriately afforded the former client the benefit of the liberal construction rule for *pro se* pleadings, had shielded the attorney from accountability for his actions, and conflicted with the requirement of Federal

4

Rule of Civil Procedure 11(a) that all pleadings, motions, and papers be signed by the party's attorney." *Fengling Liu*, 664 F.3d at 369 (citing *Duran*, 238 F.3d at 1271–72). The *Duran* court thus held that "any ghostwriting of an otherwise pro se brief must be acknowledged by the signature of the attorney involved." *Duran*, 238 F.3d at 1273.

The second case acknowledged by the *Fengling Liu* court was *Ellis v. Maine*, 448 F.2d 1325 (1st Cir. 1971). *See Fengling Liu*, 664 F.3d at 369. There, the "petitioner appear[ed] pro se, assert[ed] complete ignorance of the law, and then present[ed] a brief which, however insufficient, was manifestly written by someone with some legal knowledge." *Ellis*, 448 F.2d at 1328. The *Ellis* court was "entirely agreeable to a petitioner having what is colloquially termed a jailhouse lawyer," but "[w]hat [it] fear[ed] [wa]s that in some cases actual members of the bar represent petitioners, informally or otherwise, and prepare briefs for them which the assisting lawyers do not sign, and thus escape the obligation imposed on members of the bar, typified by [Rule 11 of the Federal Rules of Civil Procedure], but which exists in all cases, criminal as well as civil, of representing to the court that there is good ground to support the assertions made." *Id.* The *Ellis* court disapproved of this practice and concluded that "[i]f a brief is prepared in any substantial part by a member of the bar, it must be signed by him." *Id.*

After discussing these decisions and ethics opinions on ghostwriting, the Second Circuit held that "[i]n light of this Court's lack of any rule or precedent governing attorney ghostwriting, and the various authorities that permit that practice, . . . [the ghostwriting attorney] could not have been aware of any general obligation to disclose her participation to this Court," and that, under the circumstances, the attorney's "ghostwriting did not constitute misconduct and therefore d[id] not warrant the imposition of discipline." *Fengling Liu*, 664 F.3d at 372–73.

While the *Fengling Liu* court chose not to discipline the ghostwriting attorney, it only reached this decision because the circumstances of that case did not warrant discipline. The Second Circuit did not approve of the practice. In fact, in a subsequent case in which an attorney had ghostwritten her husband's *pro se* briefs, the Second Circuit concluded that the *pro se* husband was "not entitled to 'claim the special consideration which the courts customarily grant to *pro se* parties.'" *Spira v. J.P. Morgan Chase & Co.*, 466 F. App'x 20, 22 n.1 (2d Cir. 2012) (summary order). District courts have consistently followed suit in declining to extend to ghostwritten submissions the "special solicitude" normally afforded to *pro se* pleadings. *See*, *e.g.*, *Knox*, 2013 WL 286282, at *1 n.1; *Koonce v. Gaylord Hosp., Inc.*, No. 3:13-CV-00362, 2015 WL 4603414, at *4 n.2 (D. Conn. July 30, 2015); *Mejía*, 2018 WL 3821625, at *4; *Askins v. Metro. Transit Auth.*, No. 1:19-CV-4927, 2020 WL 1082423, at *3 (S.D.N.Y. Mar. 5, 2020). Where it was questionable whether a pleading was ghostwritten, other courts have required *pro se* litigants "to indicate in [any future] filing if the filing was prepared with the assistance of an attorney." *West v. City of Harford*, No. 3:23-CV-1020, 2024 WL 2113076, at *5 (D. Conn. May 10, 2024) (cleaned up).

Here, the Court is not as concerned about extending "special solicitude" to Petitioner's pleadings as it is with "shield[ing] the attorney from accountability for his actions," and "the requirement of Federal Rule of Civil Procedure 11(a) that all pleadings, motions, and papers be signed by the party's attorney." *Fengling Liu*, 664 F.3d at 369 (citing *Duran*, 238 F.3d at 1271–72). Addressing the second concern first, many pleadings in this case are neither signed by "the party's attorney," nor by the party himself. Rather, an image of Petitioner's signature has been placed on the documents as if the Petitioner signed them himself. This image appears

6

to have been included to suggest that the Petitioner drafted these documents himself. But this action has Rule 11 implications.

Under Rule 11(a), "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party *personally* if the party is unrepresented." Fed. R. Civ. P. 11(a)[13] (emphasis added). Rule 11(b) states that,

> By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation [and] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b)(1)–(2). If an attorney is affixing an image of Petitioner's signature to a pleading, neither the Petitioner, nor the attorney, has "personally" signed the pleading under Rule 11(a). If the pleading is not personally signed, the Court cannot determine who is "certif[ying] that to the best of the person's knowledge, information, and belief . . . it is not being presented for any improper purpose" and does not contain "nonfrivolous argument[s]." This is a particularly acute concern here.

---

[13] "The Federal Rules of Civil Procedure apply in the context of habeas suits to the extent that they are not inconsistent with the Habeas Corpus Rules." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). The Habeas Corpus Rules, which apply to § 2241 actions, *see Tompkins v. Pullen*, No. 3:22-CV-00339 (OAW), 2022 WL 871938, at *2 (D. Conn. Mar. 23, 2022), require a habeas petition to "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2(c)(5) of the Rules Governing Section 2254 Cases. Rule 11(a)'s signature requirement is thus consistent with the Habeas Corpus Rules. Accordingly, Rule 11(a) applies in this § 2241 action.

The Court entered a ruling on the merits after extensive briefing by the parties.[14] Petitioner sought reconsideration of that ruling under Rule 59(e) because "[t]he Court's ruling mischaracterized the record, overlooked key government admissions, and failed to account for a statutory violation supported by unrebutted evidence."[15] After concluding that "the pleadings in this case show[ed] this assertion result[ed] from Petitioner's confusion of applicable facts and law," the Court denied that motion.[16] Petitioner now returns to the Court with a Rule 60(b) motion similarly asserting that "[t]he Court's order denying Rule 59(e) relief rests on significant misapprehensions of fact and law, overlooks dispositive record evidence, and fails to account for intervening legal developments and newly available agency guidance."[17]

Motions for amendment of the judgment under Rule 59(e) are generally disfavored. *See City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991) (concluding that Rule 59(e) motions are "the same thing" as motions for reconsideration under the District of Connecticut's local rules); *Gibson v. First Mercury Ins. Co.*, No. 3:21-CV-1522, 2023 WL 5648538, at *1 (D. Conn. Aug. 31, 2023) ("Local Rule 7(c) suggests that motions for reconsideration are disfavored[.]"). Rule 60(b) motions are also disfavored. *Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 385 F. App'x 29, 31 (2d Cir. 2010) (summary order) ("caution[ing] . . . that Rule 60(b) motions are disfavored"). It follows that if both Rule 59(e) and Rule 60(b) motions are disfavored, a Rule 60(b) motion filed after a Rule 59(e) motion is more disfavored than either motion filed alone. While Rule 59(e) motions are "a one-time effort to bring alleged errors in a just-issued decision to a habeas court's attention, before taking a single appeal," *Banister v.*

---

[14] *See* Ruling, ECF No. 21.
[15] ECF No. 23 at 5.
[16] *See* Order, ECF No. 31 at 16.
[17] ECF No. 32 at 1 (internal citation omitted).

*Davis*, 590 U.S. 504, 521 (2020), Rule 60(b) motions "threaten[] serial habeas litigation; indeed, without rules suppressing abuse, a prisoner could bring such a motion endlessly." *Id.*

Rule 11 protects against such abuses by discouraging meritless Rule 60(b) motions. *See*, *e.g.*, *Satterfeld v. Pfizer, Inc.*, No. 04-CV-3782, 2005 WL 1765708, at *14 (S.D.N.Y. July 18, 2005), *aff'd sub nom. Satterfield v. Pfizer, Inc.*, 208 F. App'x 59 (2d Cir. 2006) (noting that "there is a very strong argument that Rule 11 sanctions are appropriate on the ground that [plaintiff's] claims were not 'warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law'" given "the lack of merit to [plaintiff's] Rule 60(b) motion" (quoting Fed. R. Civ. P. 11(b)(2)). But if the Court cannot discern whether Petitioner or a lawyer drafted the motion, it cannot protect against Rule 60(b) abuse by imposing sanctions under Rule 11 against the responsible person. *Cf. Kyros L. P.C. v. World Wrestling Ent., Inc.*, 78 F.4th 532, 546 (2d Cir. 2023) ("Both logic and the text of Rule 37(b)(2)(C) dictate that a court may impose sanctions in a targeted way against the actors whom it *identifies* as responsible for misconduct, whether those be parties, their attorneys, or both." (emphasis added)); *Ceglia v. Zuckerberg*, No. 10-CV-00569, 2012 WL 503810, at *7 (W.D.N.Y. Feb. 14, 2012) (noting that "the Second Circuit's recent reiteration that sanctions awarded pursuant to Rule 37 are also intended as a deterrent to misbehavior in litigation establishes there is a close analogy between Rule 11 and Rule 37 sanctions").

Thus, to ensure this case does not continue "endlessly," *Banister*, 590 U.S. at 521, the Court orders Petitioner to file a notice, under penalty of perjury, (1) identifying whether he personally drafted the pending Rule 60(b) motion; and (2) if he did not draft the motion, identifying the person who did and whether that person is an attorney licensed to practice law

9

in the District of Connecticut. This notice must be filed on or before **August 18, 2025**. Failure

to file this notice by the Court's deadline will result in denial of Plaintiff's Rule 60(b) motion

for failure to comply with Rule 11(a)'s signature requirement. *See*, *e.g.*, *Sumler v.*

*Chapdelaine*, No. 3:16-CV-1600, 2018 WL 356159, at *2 (D. Conn. Jan. 10, 2018) (denying

*pro se* motion because it did not comply with Rule 11(a)'s signature requirement).


**SO ORDERED.**


Hartford, Connecticut
July 31, 2025


        /s/Vernon D. Oliver
        VERNON D. OLIVER
        United States District Judge