UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JESSE ANDRE, | : | Case No.:  3:24-cv-1295 (VDO) |
|   Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN, FCI DANBURY, | : | |
|   Respondent. | : | September 3, 2025 |

RESPONSE TO ECF 36

Pursuant to the court's August 21, 2025 order (ECF 37), the respondent respectfully submits this response to the petitioner's response (ECF 36) to the court's order to show cause (ECF 34).

Following issuance of the court's order to show cause, BOP performed a search of the petitioner's emails (sent and received through the BOP's TRULINCS messaging system).  Those emails revealed many communications with someone using the email address help@nulinelegal.com, who is occasionally listed in the messages as "Alan Adamz."[1]  Those communications, attached hereto as an Exhibit, frequently show that Nuline provided the petitioner with lengthy written legal arguments or materials that appear to be intended for filing or other submission to the court in this case or in what

---

[1]The website www.nulinelegal.com appears to be related to an entity identified as Nuline Legal Services.  That website at one point included information pertaining to Nuline's services (see below), but the website is not operative at the time of filing.



Nuline Legal Services
https://nulinelegal.com › about-us

Our SERVICES

Welcome to **Nuline Legal**, your trusted source for comprehensive and reliable paralegal services. Our dedicated team of experienced professionals specializes ...

seems to be a pending immigration case involving the petitioner.  Those communications call into question the petitioner's assertions regarding the so-called limited "clerical assistance" provided by what the petitioner describes as "a typing service."  (See ECF 36, ¶4.)  Specifically, it seems implausible that the detailed emails from Nuline (and the lengthy submissions filed on behalf of the petitioner in this case[2]) reflect assistance that was "limited to typing, formatting, and checking citations at my direction." (Id.)  That said, without additional information from Mr. Adamz or someone else at Nuline (or further explanation from the petitioner), it is impossible to state the degree to which a third party – whether a "legal professional" (id. ¶5) or not – provided substantive assistance to the petitioner in prosecuting his legal claims.  Without additional detail it also is impossible to fully understand how the petitioner "provided and authorized" (id. ¶10) his signature for those filings that may have been authored and filed by a third party (i.e., did the third party draft the filing, send it to the petitioner for review, then receive permission to paste the petitioner's signature on the document for mailing to the court?).

Beyond the above, the respondent has no further response to the petitioner's declaration.

---

[2]The respondent uses the language "on behalf of the petitioner" because it is apparent that certain of the filings in this case were filed not by the petitioner himself but rather by a third party, perhaps Nuline or someone affiliated with that entity.  (Compare ECF 32-1 (return address in Big Spring, Texas, but postmarked in Jacksonville, Florida) with ECF 36-1 (return address in Big Spring, Texas, postmarked in nearby Midland, Texas).)

Respectfully submitted,

David X. Sullivan
United States Attorney


       /s/
John W. Larson (ct28797)
Assistant United States Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103
T:  (860) 947-1101
F:  (860) 760-7979
john.larson@usdoj.gov


CERTIFICATE OF SERVICE

        I certify that on September 3, 2025, a copy of the foregoing Notice of Appearance was sent by U.S. mail to the following:

**Jesse Andre**
**#98835-004**
**Inmate Mail**
**FCI Big Spring**
**1900 Simler Ave**
**Big Spring, TX  79720**


                                    /s/ John W. Larson_____

3