UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JESSE ANDRE,

      Petitioner,

    v.                           Case No. 24-cv-001295 (VDO)

CARYN FLOWERS - Warden FCI Danbury,

      Respondent.

SEP 16 2025 PM12:55
FILED-USDC-CT-HARTFORD

## PETITIONER'S SUPPLEMENT TO HIS AFFIDAVIT IN LIGHT OF RESPONDENT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

Petitioner Jesse Andre, pro se, submits this Supplement to his Declaration in light of Respondent's filing (ECF 38) in response to a second show cause order issued by the Court. The Court ordered a narrow response addressing authorship and signature. Petitioner has already provided a sworn declaration (ECF 36) confirming that (i) all filings reflect his arguments and approvals, (ii) any assistance was clerical (typing/formatting/citation checking), and (iii) the signature image used on filings is his, supplied and authorized by him after review of each document. ECF 36 at 3-5, 9-11.

### 1.    The Scope of the Court's Order to Show Cause

The Court's Order (ECF 34) required Petitioner to clarify the preparation of filings and the nature of assistance received. Petitioner complied through a sworn declaration (ECF 36), explaining that all filings were prepared under his direction, with only typing/clerical assistance provided. The Respondent's Response (ECF 38), however, goes beyond the scope of the Court's inquiry, raising speculative assertions about third-party involvement and introducing unrelated matters (such as immigration filings).

1

The relevant question under the Court's OSC is not whether Petitioner received mechanical assistance in typing, but whether the legal content of the filings represents Petitioner's own arguments and positions. Petitioner has already confirmed under penalty of perjury that it does.

2.    The Respondent's Speculation Is Unsupported

Respondent attaches emails suggesting communication with an entity called "Nuline Legal Services." But Respondent concedes it cannot determine "the degree to which a third party...provided substantive assistance." ECF 38 at 2. This underscores the speculative nature of the filing.

The fact that Petitioner communicated by email with a typing service does not undermine his sworn statement that he directed the filings and provided the arguments. Indeed, the emails referenced show Petitioner reporting the hours spent in the prison law library conducting research. They also show that the so-called "typing service" was confirming or formatting Petitioner's own arguments and recitations—not creating independent legal theories. If the service had been drafting substantive work, there would be no need for Petitioner's documented, consistent law library research.  If a third party were performing substantive legal work, such as personal research and drafting by the Petitioner, it would not be necessary.

The petitioner has always maintained, truthfully, that all legal arguments and substantive content are his own. Outside assistance was limited to typing, formatting, and citation checking at his direction, and he personally reviewed, approved, and signed all filings.

3.    Petitioner's Signature and Authorization.

2

Petitioner also confirmed in his declaration that every filing was reviewed, approved, and signed (either physically or via authorized image) by him. Respondent offers no evidence to the contrary, relying instead on speculation about mailing logistics. The Court's rules are satisfied so long as Petitioner himself authorized and adopted each filing, which he did. Each filing affixed my signature consistent with Fed. R. Civ. P. 11(a) and, where applicable, 28 U.S.C. § 1746.

Courts construe pro se filings liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and do not penalize prisoners for using typing or mailing services to access the courts. There is no prejudice to the Respondent and no basis to prolong addressing the merits of the issues presented.

4.      **The Court's Order to Show Cause Appears Designed to Delay Resolution**

Rather than addressing the merits of the Rule 60(b) motion or the statutory issues long pending before the Court, the Court has invited a collateral inquiry into clerical assistance. This has the effect of prolonging litigation and delaying the adjudication of the core statutory questions, questions that the Court has thus far avoided addressing, despite the previous six months of delay, which prejudiced the petitioner. Through the show-cause order, another 60+ days have been lost, along with the Petitioner's liberty interests, and the appeal has been prolonged if needed. Judicial resources, perhaps, are better spent resolving the substantive issues of unlawful categorical exclusion from prerelease custody under the SCA and FSA.

5.      **Next Friend Status Is Permitted in Habeas Practice.**

To the extent Respondent implies that third-party assistance is impermissible, habeas law explicitly allows filings through a "next friend." See Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990). While Petitioner has not invoked next-friend status here,

Habeas practice has long recognized the permissibility of next-friend filings and limited assistance in preparation, particularly where a pro se prisoner faces extraordinary barriers to litigation. What matters is that the claims and arguments are the Petitioner's own, which they are here.  Nothing in the rules prohibits a pro se litigant from relying on clerical help to prepare typed filings or to manage documents. The petitioner's declaration, under penalty of perjury (ECF No. 36), already established this fact. Respondent offers only conjecture, not evidence, to the contrary.

6.    **This Issue Does Not Excuse The Delaying Of The Court's Ruling**

The respondent's response underscores the petitioner's concern: rather than resolving the statutory issues presented in this habeas petition, the proceedings have been diverted into collateral inquiries about typing assistance.

Petitioner reiterates: the statutory claims are his, they are fully presented, and they remained unresolved despite more than six months of delay. Now another 60-plus days have been wasted.  The Court's task is to interpret §§ 3621(b), 3624, and 3632(d)(4)(E), not to police the mechanics of how a pro se prisoner prepared a typed filing.

The Court spent six months sitting on this habeas case (September 2024 to April 2025) before issuing any substantive decision and prejudicing the petitioner because of the delay and changes in the BOP policy, and the court offered no good cause whatsoever for the delay.  Habeas corpus is intended to provide a "swift and imperative remedy in all cases of illegal restraint" (Fay v. Noia, 372 U.S. 391, 400 (1963)), and prolonged inaction undermines that purpose. Timely adjudication is particularly critical in this case, where the challenged confinement continues on a day-to-day basis.  The court showed no concern for this.

4

The Court now does the same thing again, by issuing a show cause order to confirm the petitioner's filing rather than addressing the identified errors, in what appears to be an attempt to run out the clock, and if needed, an appeal is taken, it would become moot as his release date is fast approaching.

CONCLUSION

Petitioner has complied fully with the Court's Order to Show Cause. Respondent's filing offers no concrete evidence to the contrary and instead relies on speculation and immaterial collateral matters. The Court should accept the Petitioner's sworn declaration as sufficient, decline to prolong the collateral inquiry, and proceed to adjudicate the merits of the Petitioner's Rule 60(b) motion and underlying habeas claims.

Dated: September 11, 2025

Respectfully submitted,

Jesse Andre, #98835-004
FCI Big Spring
1900 Simler Ave
Big Spring, TX 79720